IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BARBARA ALLISON, et al.,          )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )    CIVIL NO  1 04CV00991
                                  )
MICHAEL A. LOMAS, et al.,         )
                                  )
          Defendants.             )


## MEMORANDUM OPINION

BULLOCK, District Judge

     Barbara Allison and 209 other individual plaintiffs
("Plaintiffs") filed their First Amended Complaint on
November 22, 2004, alleging violations of Sections 5(a), 5(c),
12(a)(1), 12(a)(2), and 15 of the Securities Act of 1933 (15
U.S C. §§ 77e(a), 77e(c), 77l(a)(1), 77l(a)(2), and 77o),
Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C
§ 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R
§ 240.10b-5), and the North Carolina unfair and deceptive trade
practices act (N C  Gen  Stat. § 75-1.1).  Among the defendants
are Heiser & Jesko, Inc., an Ohio accounting firm; Barry C.
Maloney, a Washington, D.C., attorney; and the law firm of
Maloney & Knox, LLP, of which Barry Maloney is the managing
partner.  Before the court are Heiser's motions to dismiss for
lack of personal jurisdiction, improper venue, and improper

service of process, as well as Maloney's and the law firm's joint motions to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motions to dismiss for lack of personal jurisdiction will be granted and the remaining motions will be denied as moot

## FACTS

Mobile Billboards of America, Inc. ("MBA") is a Delaware corporation with offices in Ohio and Missouri. On September 21, 2004, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Northern District of Georgia against MBA and two related businesses, International Payphone Corporation and Reserve Guaranty Trust, and two officers of MBA, Michael Lomas and Michael Young, alleging five counts of violations of federal securities laws.

The subject of the SEC action, and the present action, is a purported Ponzi scheme. MBA marketed and sold truck-mounted billboard frames to investors for an upfront fee of $20,000 for two frames or $10,500 for one. MBA then leased the frames back from the owners and paid them monthly lease payments at an annualized rate of 13.49% of the purchase price. MBA further agreed to repurchase the frames for the full investment price

2

after seven years of the leasing arrangement. Funds for the lease and repurchase payments were to come from advertisement revenue generated by MBA's management of the billboard frames, which MBA would mount on the trucks of various trucking firms with which it claimed to have contracts. MBA failed to mount more than a handful of the frames, and failed to sell enough advertisements to cover the payments due to the frame owners Instead, MBA relied on purchase funds received from subsequent investors to pay off earlier investors.

By order of the district court in Georgia, all of the assets of MBA and the related businesses have been frozen and a receiver has been appointed to administer the estate on behalf of investors allegedly defrauded. The court also issued an order restraining further investor actions that would interfere with the receiver during the pendency of the Georgia action. Nevertheless, the Plaintiffs here filed suit against four defendants--Heiser, Maloney, Maloney & Knox, and Laurinda Holohan--not subject to the SEC action, and thus the present action is not subject to the restraining order.

Heiser is an Ohio corporation located in Ohio and licensed by that state as a certified public accounting firm. Heiser performed audits of MBA's finances and prepared audit reports for the years ended December 31, 2002, and December 31, 2003 Maloney is an attorney and partner in the Washington, D.C., law

3

firm of Maloney & Knox, LLP  He drafted MBA's offering circular, or marketing materials, related to the mobile billboard scheme, and issued legal opinions attesting to the compliance of such materials with relevant law and stating, among other things, that the mobile billboard offer was not a security that needed to be registered with the SEC.  Heiser's financial audit reports and Maloney's legal opinions were distributed to potential investors as part of the offering circular.  The materials were distributed in several states, including North Carolina.

DISCUSSION

Plaintiff must prove, by a preponderance of the evidence, that personal jurisdiction is proper.  <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir  1989).  However, when considering the issue without an evidentiary hearing, Plaintiff need make only a <u>prima facie</u> showing of personal jurisdiction.  <u>Crown Cork & Seal Co. v Dockery</u>, 886 F. Supp. 1253, 1256 (M D N.C. 1995).  In deciding whether Plaintiffs have made a <u>prima facie</u> showing, "the Court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."  <u>Id</u> (citing <u>Combs</u>, 886 F.2d at 676).

4

"Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

> Since in personam jurisdiction of a state court is limited by that state's laws and by the Fourteenth Amendment, [the court must] first inquire whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant. If it does, [the court] must then determine whether the state court's exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.

ESAB Group v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997) (internal citations omitted).

North Carolina's long-arm statute provides, in relevant part, that the courts of the state have personal jurisdiction over any party who, "when service of process is made on such a party . . . is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." N.C Gen. Stat. § 1-75.4(1)(d). The statute further provides that personal jurisdiction is proper:

> In any action       claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:
>
>    a.   Solicitation or services activities were carried on within this State by or on behalf of the defendant; [or]

5

      b. Products, materials or thing[s] processed,
serviced or manufactured by the defendant were used or
consumed, within this State in the ordinary course of
trade.

N.C. Gen. Stat § 1-75 4(4)(a) and (b).

"The provisions of this statute are to 'be given liberal
construction, making available to the North Carolina courts the
full jurisdictional powers permissible under federal due
process.'" _Regent Lighting Corp. v. Am. Lighting Concept, Inc._,
25 F. Supp. 2d 705, 709 (M.D.N.C. 1997) (quoting _Vishay
Intertechnology, Inc. v. Delta Int'l Corp._, 696 F.2d 1062, 1065
(4th Cir. 1982)). "Consequently, 'the statutory inquiry
necessarily merges with the constitutional inquiry, and the two
inquiries essentially become one.'" _ESAB Group_, 126 F.3d at 623
(quoting _Stover v. O'Connell Assocs., Inc._, 84 F 3d 132, 135-36
(4th Cir. 1996)).

Plaintiffs also assert this court's jurisdiction over the
movants under Section 22 of the Securities Act (15 U.S.C. § 77v)
and Section 27 of the Exchange Act (15 U.S.C. § 78aa). While it
is true that those statutory provisions authorize nationwide
service of process in securities fraud cases, the exercise of
personal jurisdiction over a defendant must nevertheless comport
with the requirements of due process. _See_, _e.g._, _SEC v. Unifund
SAL_, 910 F 2d 1028, 1033 (2d Cir. 1990) (citing _Bersch v. Drexel
Firestone, Inc._, 519 F.2d 974, 998 (2d Cir 1975) for the holding
that even under the nationwide venue and service of process

6

provisions of the securities laws, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws " (internal citation omitted)).

Turning to the constitutional inquiry, "[a] court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice '" Carefirst of Md., Inc., 334 F.3d at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Determining the extent of a State's judicial power over persons outside of its borders under the International Shoe standard can be undertaken through two different approaches--by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." ALS Scan, Inc v. Digital Servs Consultants, Inc., 293 F 3d 707, 711 (4th Cir. 2002) (citing Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S 408, 414 (1984))

In determining whether specific jurisdiction exists, the court considers "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise

7

out of those activities directed at the State; and (3) whether
the exercise of personal jurisdiction would be constitutionally
'reasonable.'" Id. at 712 (citing Christian Sci. Bd. of Dirs. of
the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 216
(4th Cir. 2001)). General jurisdiction arises "from the
defendant's general, more persistent, but unrelated contacts with
the State." Id. Such contacts must be "'continuous and
systematic,' a more demanding standard than is necessary for
establishing specific jurisdiction." Id. (citing Helicopteros,
466 U.S. at 414 & n.9). "Under this elevated contacts threshold,
broad constructions of general jurisdiction should be generally
disfavored." Regent Lighting Corp., 25 F. Supp. 2d at 710
(internal quotation omitted). Plaintiffs fail to allege contacts
with North Carolina sufficient to enable the court to exercise
specific or general jurisdiction over any of the movants here.

Plaintiffs, relying on the "stream of commerce" approach
discussed in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286
(1980), contend that Heiser, in preparing audit reports that it
knew MBA would use in marketing materials distributed throughout
the United States, placed its product in the stream of commerce
such that personal jurisdiction is appropriate in North Carolina.
Plaintiffs further rely on Justice Brennan's concurring opinion,
joined by three other justices, in Asahi Metal Industry Co. v.
Superior Court of California, 480 U.S. 102, 117 (1987), in which

Case 1:04-cv-00991   Document 42   Filed 08/26/05   Page 8 of 12

he commented, in reference to the "flow of products from manufacture to distribution to retail sale" that "[a]s long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise."

Even if Heiser could be said to have placed its audit reports in the stream of commerce, Plaintiffs, in relying on Justice Brennan's minority opinion, fail to account for the majority opinion in which the Court held that a defendant's awareness that its goods may be sold in a given state is not enough to demonstrate that the defendant purposefully availed itself of the given market. See <u>Asahi Metal Indus. Co v. Superior Court of Cal.</u>, 480 U.S. 102, 113 (1987). Instead, "[t]he 'substantial connection,' between the defendant and the forum State necessary for a finding of minimum contacts must come about by <u>an action of the defendant purposefully directed toward the forum state</u>." <u>Id</u>. (internal citations omitted) (emphasis in original)

No such action by Heiser exists here. All the accounting work done on behalf of MBA was performed in Ohio and no agent or employee of Heiser participated in the offer or sale of MBA's mobile billboard products or securities. There is no act by Heiser related to the MBA offering that would permit the exercise of specific personal jurisdiction in North Carolina. As noted,

9

Heiser is an Ohio corporation with its only offices in Ohio. It is not licensed to conduct business in North Carolina, and does not solicit business in North Carolina, electronically or otherwise. Heiser's contacts with the state are limited to annual visits to an Ohio-based client's management company, located in Asheville, North Carolina, to examine accounting records. Those visits last one or two days. In the past six years, Heiser's only other contact with the state was in connection with a valuation of a partnership, one of the partners of which resided in North Carolina These rare contacts, unrelated to the claims presented here, fall well short of the continuous and systematic contacts necessary to support a finding of general jurisdiction. See, e.g., Nichols v G D. Searle & Co , 991 F.2d 1195, 1199 (4th Cir. 1993) (noting that "Only when the 'continuous corporate operation within a state [is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities' may a court assert general jurisdiction over a corporate defendant.") Plaintiffs' claims against Heiser must, therefore, be dismissed.

Similarly, Plaintiffs fail to demonstrate that this court has personal jurisdiction over Maloney and the law firm of Maloney & Knox. According to the First Amended Complaint, Maloney "drafted, approved, and recommended for use" MBA's

10

offering materials and prepared a legal opinion that was distributed to investors in the mobile billboard scheme  Maloney lives in Maryland and maintains his law office in Washington, D.C., where he performed legal services for MBA as a partner in the law firm of Maloney & Knox. These services were not purposefully directed toward the state of North Carolina and Plaintiffs' claims cannot be said to arise out of any contact Maloney or the law firm had with North Carolina.  Specific jurisdiction, therefore, is unavailable  Maloney is not licensed to conduct business in North Carolina and Plaintiffs have neither asserted nor identified any contacts with the state whatsoever. Plaintiffs have failed to establish that Maloney or the law firm of Maloney & Knox maintain the continuous and systematic contacts required to exercise general jurisdiction in North Carolina.  The claims against those defendants must be dismissed.

CONCLUSION

For the reasons set forth in this memorandum opinion, the motions to dismiss the complaint against Heiser & Jesko, Barry C. Maloney, and Maloney & Knox, LLP, for lack of personal jurisdiction will be granted.  All other motions of those defendants will be denied as moot.

11

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

August 26 , 2005

United States District Judge